UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by **PE** D.C.

MAR 18 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**RENE MESA**

    Plaintiff

-vs-

**15-CV-21087-Cooke/Torres**

**BOSTON PORTFOLIO ADVISORS, INC.
SCOTT C CALAHAN, FOUNDER AND
CHAIRMAN, LINDA B CALAHAN,
DIRECTOR AND VICE PRESIDENT,
DESIREE B DALY, DIRECTOR AND
CHIEF CREDIT OFFICER, THOMAS H
GLANFIELD, PRESIDENT AND CHIEF
EXECUTIVE OFFICER, KENNETH F
PARZYGNAT, TREASURER and
AMERICAN INTERCONTINENTAL
UNIVERSITY**

    Defendants

_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION
## JURY TRIAL DEMANDED

    COMES NOW RENE MESA (herein the "Plaintiff") in the above styled cause, and hereby sues Defendants BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692, and the Florida Consumer Collection Practices

Act (FCCPA), FLA. STAT. §559(Part VI) and Florida Deceptive and Unfair Trade Practices Act (FDUTPA) FLA. STAT. §501.20491.

## JURISDICTION AND VENUE

1. This Court has jurisdiction un 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

2. Upon information and belief, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendants have violated such laws by engaging in illegal debt collection failing to yield to Federal and State law as more fully stated herein.

4. Defendants are vicariously liable for the FDCPA and FCCPA violations of each other, who sought to collect an alleged debt on its behalf of another . *Glen Ellyn Pharmacy v. Promius Pharma, LLC*, Slip Copy, 2009 WL 2973046 (N.D.Ill. 2009); *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

5. **This is an action for more that $21,000.00**.

## PARTIES

6. Plaintiff, RENE MESA, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

7. Defendant, BOSTON PORTFOLIO ADVISORS, INC (herein "BOSTON PORTFOLIO"), is located at 800 CORPORATE DR, STE 408, FT LAUDERDALE, FL

33334, BOSTON PORTFOLIO ADVISORS, INC and is a debt collector operating and doing business in the state of Florida.

8. Defendant SCOTT C CALAHAN, is the FOUNDER AND CHAIRMAN of BOSTON PORTFOLIO ADVISORS and is a debt collector. Service of process shall be sent to 800 CORPORATE DR, STE 408 FT LAUDERDALE, FL 33334.

9. Defendant LINDA B CALAHAN is the DIRECTOR AND VICE PRESIDENT of BOSTON PORTFOLIO ADVISORS and is a debt collector. Service of process shall be sent to 800 CORPORATE DR, STE 408 FT LAUDERDALE, FL 33334.

10. Defendant DESIREE B DALY is the DIRECTOR AND CHIEF CREDIT OFFICER of BOSTON PORTFOLIO ADVISORS. Defendant DESIREE B DALY is a debt collector. Service of process shall be sent to 800 CORPORATE DR, STE 408 FT LAUDERDALE, FL 33334.

11. Defendant THOMAS H GLANFIELD is the PRESIDENT AND CHIEF EXECUTIVE OFFICER of BOSTON PORTFOLIO ADVISORS. Defendant THOMAS H GLANFIELD is a debt collector. Service of process shall be sent to 800 CORPORATE DR, STE 408 FT LAUDERDALE, FL 33334.

12. Defendant SCOTT C CALAHAN, is the FOUNDER AND CHAIRMAN of BOSTON PORTFOLIO ADVISORS and is a debt collector. Service of process shall be sent to 800 CORPORATE DR, STE 408 FT LAUDERDALE, FL 33334. Defendant SCOTT C CALAHAN is a debt collector.

13. Defendant, AMERICAN INTERCONTINENTAL UNIVERSITY (herein "A.I.U."), is a debt collector and has asked that service of process be sent to

CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.

14. Defendants regularly use the mail in a business the principal purpose which is the collection of debts.

15. Defendants regularly collect or attempt to collect debts. They are "debt collectors" as defined in the FDCPA.

16. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

17. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

18. Defendants sought to collect an alleged debt from Plaintiff arising from a debt for personal, family or household purposes.

19. Plaintiff is a "consumer" as defined by the FDCPA and the FCCPA. Plaintiff admits that he among those "least sophisticated consumers" in the 11th Circuit.

20. Plaintiff called AMERICAN INTERCONTINENTAL UNIVERSITY on or about June 5, 2014 because A.I.U. failed to release Plaintiff's transcript upon request.

21. Plaintiff has not been a student of A.I.U. since about the year 2000.

22. A.I.U. refused to release plaintiff's transcripts because allegedly a debt was due A.I.U. from Plaintiff.

23. A.I.U. claimed that Plaintiff owed Defendant A.I.U. $260.00.

24. Plaintiff did ask how A.I.U. derived at $260.00 and did not receive a response as to how said amount was derived.

25. A.I.U. claimed that the debt was assigned to BOSTON PORTFOLIO at some point prior to the telephone call, but neither A.I.U. nor BOSTON PROTFOLIO explained how and when said alleged debt was assigned and what the $260.00 charge was for.

26. Plaintiff never received a bill, an account number, an explanation of how the Plaintiff was charged and failed to pay $260.00, or accounting of why said amount was owed to A.I.U. or BOSTON PORTFOLIO. To this day no one has explained or advised Plaintiff as to how that charge was created and when. This account does not appear on Plaintiff's credit report.

27. A.I.U. insisted that said amounts were assigned to BOSTON PORTFOLIO and that Plaintiff would be required to pay BOSTON PORTFOLIO. A.I.U therefore was engaged in an attempt to collect a debt for BOSTON PORTFOLIO. A.I.U did not inform the Plaintiff of his right to dispute the debt.

28. A.I.U. did not communicate to the Plaintiff the required mini-miranda and the least sophisticated consumer would feel frustrated, confused and oppressed at having to understand how $260.00 is due after almost fifteen (15) years of non-attendance at A.I.U. Plaintff was forced into a position to defend against an alleged debt that may or may not have been created over fifteen (15) years ago.

29. If the alleged debts were valid, the debts were passed the applicable statute of limitations. Plaintiff was not advised that the debts if owed at all were passed the statute of limitations.

30. Plaintiff has never received a bill from BOSTON PORTFOLIO.

31. Plaintiff has never received a letter from BOSTON PORTFOLIO.

32. Plaintiff has never received a telephone call from BOSTON PORTFOLIO.

33. Plaintiff has never done business with BOSTON PORTFOLIO.

34. BOSTON PORTFOLIO has never given Plaintiff a 1692g notification.

35. Plaintiff called BOSTON PORTFOLIO on or about June 6, 2014. Said call was Plaintiff's initial communication and first telephone call with BOSTON PORTFOLIO.

36. By demanding payment A.I.U and BOSTON PORTFOLIO overshadowed Plaintiff's right to dispute the validity of the debt.

37. Plaintiff was never allowed to dispute the validity of the debt with BOSTON PORTFOLIO.

38. BOSTON PORTIFOLIO failed to inform the Plaintiff that they were engaged in an attempt to collect a debt, and that the Plaintiff had the right to dispute the validity of the debt within thirty (30) days.

39. BOSTON PORTFOLIO was not able to confirm an exact amount owed and insisted Plaintiff call A.I.U. BOSTON PORTFOLIO offered Plaintiff little information about the instant account.

40. Inexplicably, and without proof of assignment as required pursuant to Florida Statutes 559.715, Defendant A.I.U. allegedly assigned said time-barred debt to BOSTON PORTFOLIO, who in turn knowingly attempted to collect the time-barred debt.

41. **The Plaintiff was not advised that the debt was past the statute of limitations. Defendant A.I.U. and Defendant BOSTON PORTFOLIO did not read the Plaintiff the mini-miranda, Plaintiff is not in possession of a dunning letter in**

**regards to this account and the Plaintiff was not advised in any way that A.I.U. or Boston PORTFOLIO were engaged in attempt to collect a debt.**

42. Several telephone calls to BOSTON PORTFOLIO thereafter were not returned.

43. Plaintiff called A.I.U on or about June 9, 2014 to make a payment arrangement on the alleged debt in order to have the transcripts released Plaintiff direly needed, the amount alleged owed this time was $249.00 indicating the current amounts were not consistent with the previous amounts due of $260.00.

44. Plaintiff in desperate need for his transcripts paid the $249.00 without the benefit of receiving a copy of a bill, or any information of why the money is owed. In this way A.I.U and BOSTON PORTFOLIO extorted $249.00 from the Plaintiff for a nonexistent account.

45. Through information and belief the Plaintiff must therefore allege that neither A.I.U. nor BOSTON PORTFOLIO had a clue as to what amounts were due, and for what.

46. Through information and belief, Plaintiff must thereby allege that no money was owed to A.I.U and BOSTON PORTFOLIO.

47. A.I.U and BOSTON PORTFOLIO perfected a scheme to extort money from Plaintiff.

48. Plaintiff has received his transcripts from A.I.U. many times before without event.

49. Any amounts alleged due would have been due on or about the year 2000 making the aforementioned claims of A.I.U and BOSTON PORTFOLIO deceptive and unconscionable, which would deceive the least sophisticated consumer.

50. Plaintiff was on financial-aid and more than $30,000.00 was paid to A.I.U., not including the additional payment of $249.25.

51. Plaintiff is at a loss for words as to how after fifteen (15) years, additional sums could be due A.I.U. or BOSTON PORTFOLIO.

52. The least sophisticated consumer would believe that these actions were tantamount to abusive, deceptive, oppressive and unfair collection activities.

53. A.I.U. acted as a debt collector for BOSTON PROTFOLIO and is vicariously liable to Plaintiff for BOSTON PORTFOLIO's violations of the FDCPA.

54. A.I.U. has superior knowledge of finance and legalese and knew, should have known, or through the lack of reasonable care should have deduced that federal and state law prohibits the collection of time-barred debt, but A.I.U. allegedly assigned this debt to defendant BSOTON PORTFOLIO for collections anyway.

55. The Defendants A.I.U. and BOSTON PORTOLIO failed to send the Plaintiff an assignment of debt as required under Fla. Stat. §559.715.

56. One or more JOHN or JANE DOES authorized Defendant A.I.U. and BOSTON PORTFOLIO to engage the Plaintiff in unlawful debt collection practices and the Plaintiff intends to propound discovery to obtain the discovery of the names of such person(s) that engaged in said unlawful activity against Plaintiff.

57. Defendant BOSTON PORTFOLIO is under direction and supervision of SCOTT C CALAHAN, FOUNDER AND CHAIRMAN for BOSTON PORTFOLIO.

58. Defendant SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, failed to exercise reasonable care in the debt collection practices of Defendant BOSTON PORTFOLIO.

59. Defendant BOSTON PORTFOLIO is under direction and supervision of LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT for BOSTON PORTFOLIO.

60. Defendant LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT failed to exercise reasonable care in the debt collection practices of Defendant BOSTON PORTFOLIO.

61. Defendant BOSTON PORTFOLIO is under direction and supervision of DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER for BOSTON PORTFOLIO.

62. Defendant DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER failed to exercise reasonable care in the debt collection practices of Defendant BOSTON PORTFOLIO.

63. Defendant BOSTON PORTFOLIO is under direction and supervision of THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER for BOSTON PORTFOLIO.

64. Defendant THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER failed to exercise reasonable care in the debt collection practices of Defendant BOSTON PORTFOLIO.

65. Defendant BOSTON PORTFOLIO is under direction and supervision of KENNETH F PARZYGNAT, TREASURER for BOSTON PORTFOLIO.

66. Defendant KENNETH F PARZYGNAT, TREASURER failed to exercise reasonable care in the debt collection practices of Defendant BOSTON PORTFOLIO.

67. All Defendants knowingly, willingly, wantonly, maliciously acted in violation of state and federal laws, attempted to collect a debt from Plaintiff.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692

68. Plaintiff incorporates all previous paragraphs 1-67 as though fully restated herein.

69. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

70. Defendants BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

71. Defendants violated the Fair Debt Collection Practices Act by using a deceptive means in violation of 15 U.S.C. § 1692e.

72. Defendants violated the Fair Debt Collection Practices Act by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. §1692d.

73. Defendants violated the Fair Debt Collection Practices Act and by engaging in an unfair and deceptive practice in violation of 15 U.S.C. §1692f.

74. Defendants violated the Fair Debt Collection Practices Act by attempting to collect a debt the Defendants knew was time-barred.

75. Defendants engaged in a debt collection practice engaged in violation of § 1692 e(2) Character, amount, or legal status of the alleged debt.

76. Defendants' did violate § 1692 e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken whereas stated here.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY for actual and/or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs pursuant to 15 U.S.C. §1692k.

**COUNT II**
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**(FCCPA), FLA. STAT. §559(Part VI)**

77. Plaintiff alleges and incorporates the information in the previous paragraphs 1-67 as though fully restated herein.

78. Plaintiff is a consumer within the meaning of §559.55(2).

79. Defendants BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY are debt collectors within the meaning of §559.55(6)(a).

80. Defendant violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

81. All Defendants knowingly, willingly, wantonly, malice and in violation of state and federal laws, attempted to collect a debt from Plaintiff.

82. Defendant allowed collecting said debt knowing that such debt was not legitimate and time barred.

83. Defendant AMERICAN INTERCONTINENTAL UNIVERSITY knew, should have known, or through reasonable deduction should have considered that said debt was assigned to a party that was not legally allowed to collect on said debt and in the State of Florida and that such debt was time barred, if valid at all.

84. Defendant BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN

INTERCONTINENTAL UNIVERSITY violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

**WHEREFORE**, Plaintiff demands judgment for damages against BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs.

**COUNT III**
**VIOLATIONS OF FLORIDA STATUTES §501.201—DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AS TO ALL DEFENDANTS**

85.    Plaintiff alleges and incorporates the information in the factual allegations 1-67 though fully restated herein.

86.    The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) provides for a civil cause of action for "unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." FLA. STAT. §501.20491 (2005).

87.    This is an action for damages pursuant to the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §501.201, et seq.(hereinafter "the Act").

88. The provisions of the Act are to be liberally construed to promote the following policies:

   a. **To simplify, clarify, and modernize the law governing consumer protection, unfair trade practices; and**
   b. **to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. FLA. STAT. §501.202(1) and (2).**

89. At all times relevant hereto, Plaintiff is a "consumer" as defined by FLA. STAT. §501.203(7).

90. At all time relevant hereto, Defendants BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY were engaged in "trade or commerce" as defined by FLA. STAT. §501.203 (8).

91. Either, any, or all of the Defendants in this count failed to observe proper debt collection practices as required by state and federal law.

92. These defendants' violated the Act by engaging in unfair and deceptive acts and practices including, but not limited to:

   a. The Defendants' BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY failure to comply with conditions precedent to collecting a debt as required under State and Federal collection laws.

    b. The Defendants' BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER AND KENNETH F PARZYGNAT, TREASURER have no contract with the Plaintiff.

    c. The Defendants BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY failed to properly observe state and federal debt collection practices.

    d. Plaintiff never received constructive notice of his rights under state and federal law collection laws.

    e. Plaintiff never received a dunning letter from the Defendants BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY.

93. These Defendants violated the act by engaging in said acts as more fully stated in Plaintiff's factual allegations. These acts were unconscionable conduct, unfair deceptive practices in the conduct of trade or commerce. Defendants' BOSTON PORTFOLIO ADVISORS, INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY failed to observe state and federal collection laws.

**WHEREFORE**, Plaintiff incurred a violation of the Florida Deceptive Practices Act as a direct and proximate result of defendants' BOSTON PORTFOLIO ADVISORS,

INC., SCOTT C CALAHAN, FOUNDER AND CHAIRMAN, LINDA B CALAHAN, DIRECTOR AND VICE PRESIDENT, DESIREE B DALY, DIRECTOR AND CHIEF CREDIT OFFICER, THOMAS H GLANFIELD, PRESIDENT AND CHIEF EXECUTIVE OFFICER, KENNETH F PARZYGNAT, TREASURER and AMERICAN INTERCONTINENTAL UNIVERSITY illegal conduct including frustration and stress caused by the actions perpetuated upon Plaintiff. Attorney's fees and costs are sought pursuant to FLA. STAT. §501.2105. Plaintiff respectfully request that this Court award damages, disgorgement of fees paid to Defendants', and any other just and appropriate relief under the law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law. Respectfully submitted this 18th of March 2015.

RENE MESA
7014 N.W. 169 St.
Miami, Fl 33015
305-744-6134