UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21087-Civ-COOKE

RENE MESA,

    Plaintiff,

vs.

BOSTON PORTFOLIO ADVISORS,
INC., *et al.*,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

    Plaintiff Rene Mesa ("Plaintiff" or "Mr. Mesa"), proceeding *pro se*, initiated an action against American Intercontinental University ("AIU"), Boston Portfolio Advisors, Inc. ("Boston Portfolio"), and various employees of Boston Portfolio alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Defendants collectively filed a Motion to Dismiss Complaint and Memorandum in Support Thereof (ECF No. 20), arguing that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff filed his Response to Defendant's Motion to Dismiss, entitled Motion in Opposition to Motion to Dismiss and Incorporated Memorandum of Law (ECF No. 26), to which Defendants filed their Reply in Support of Motion to Dismiss Complaint (ECF No. 27). As such, Defendants' Motion to Dismiss is fully briefed and ripe for adjudication. After reviewing Defendants' Motion to Dismiss, the Response and Reply thereto, the record, and relevant legal authorities, Defendants' Motion to Dismiss Complaint is granted.

### I. BACKGROUND

    Plaintiff alleges that on or about June 5, 2014, he called AIU to obtain a copy of his transcript but AIU refused to release his transcript, informing him that he owed AIU an outstanding debt in the amount of $260.00. Compl. ¶¶ 20, 22-23. Plaintiff has not been enrolled as a student at AIU since 2000. *Id.* at ¶ 21. Plaintiff further alleges that AIU

informed him that the debt had been assigned to Boston Portfolio at some point prior to his call. *Id.* at ¶ 25. Plaintiff claims that he never received a bill, letter, telephone call, or any other communication from AIU explaining how he came to owe AIU a debt in the amount of $260.00. *Id.* at ¶¶ 26, 30-32.

On or about June 9, 2014, Plaintiff alleges that he called AIU to pay off his debt because he needed a copy of his transcript, but was told that he owed $249.00 instead of $260.00, with no explanation as to why the amount was different. *Id.* at ¶¶ 43-44. Soon thereafter, Plaintiff filed the instant action, alleging that AIU and Boston Portfolio engaged in illegal and abusive debt collection activities, perfecting a "scheme to extort money from [him]," by failing to proactively inform him that he owed a debt and that said debt may be time-barred. *Id.* at ¶ 47. More specifically, Plaintiff argues that it was unlawful for Defendants to assign and then attempt to collect on a time-barred debt and to fail to inform him that the statute of limitations on the debt had passed. *Id.* at ¶¶ 40, 41.

In response, Defendants argue that this case must be dismissed for failure to state a claim because Defendants never attempted to collect a debt from Plaintiff. They further argue that even were this Court to find that they engaged in debt collection activities, Plaintiff's claims must be dismissed because attempts to collect a time-barred debt are only actionable if accompanied with litigation or the threat of litigation, both of which are absent here. Def.s' Mot. Dismiss 2.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true and accept all reasonable inferences therefrom. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Additionally, although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III. DISCUSSION

Plaintiff alleges violations of the FDCPA, the FCCPA, and the FDUTPA, and Defendants have moved to dismiss all three claims. I will address Defendants' arguments in turn.

#### A. FDCPA and FCCPA

The FDCPA prohibits a "debt collector" from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FCCPA, the "Florida state analogue to the federal FDCPA," *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836 (11th Cir. 2010), was enacted with a similar purpose. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (The FCCPA "was enacted as a means of regulating the activities of consumer collection agencies within the state…[in an] attempt to curb what the legislature evidently found to be a series of abuses in the area of debtor-creditor relations.").

In order to state claim under the FDCPA, a plaintiff must allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant is engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000). Since the FCCPA has parallel requirements in order to

state a claim, I will analyze Plaintiff's claims under the FDCPA and the FCCPA together. *See Elmore v. Ne. Fla. Credit Bureau, Inc.*, Case No. 3:10-cv-573-J37 JBT, 2011 WL 4480419, at *2 n.5 (M.D. Fla. Sept. 27, 2011) (citing Fla. Stat. § 559.552, which states: "In applying and construing this section, due consideration and great weight shall be given to the interpretations of…the federal courts relating to the federal Fair Debt Collection Practices Act.").

Plaintiff specifically alleges the following with respect to the FDCPA: Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3); Defendants are debt collectors within the meaning of 15 U.S.C. § 1692a(6); Defendants used a deceptive means in violation of 15 U.S.C. § 1692e; Defendants engaged in conduct that harassed, oppressed or abused in violation of 15 U.S.C. § 1692d; Defendants engaged in an unfair and deceptive practice in violation of 15 U.S.C. § 1692f; and Defendants attempted to collect a time-barred debt in violation of the FDCPA.  Compl. ¶¶ 70-76.  In their Motion to Dismiss, Defendants argue that Plaintiff's claims must fail because Defendants never attempted to collect a debt from Plaintiff; AIU simply informed Plaintiff that "he would need to pay an amount certain in order to obtain a copy of his transcript."  Def.s' Mot. Dismiss 3, ECF No. 20.

Although the FDCPA contains no clear definition of what constitutes a "debt collection activity," the Supreme Court has held: "[t]o collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (quoting Black's Law Dictionary 263 (6th ed. 1990)). Here, Plaintiff never alleges that Defendants contacted him to collect a debt.  Instead, Plaintiff focuses on the fact that he allegedly owed an outstanding debt to AIU that he never knew about because AIU failed to disclose the debt or provide him with any documentation of its existence.  However, mere failure to provide documentation of a debt, in itself, does not violate the FDCPA." *Jones v. Investment Retrievers, LLC*, No. 3:10-CV-1714, 2011 WL 1565851, at * 6 (M.D. Penn. April 25, 2011).

Additionally, as the name of the FDCPA statute suggests, its goal is "to eliminate abusive debt collection practices," 15 U.S.C. § 1962(e), and Defendants in this case never attempted to collect a debt.  Plaintiff initiated contact with Defendant AIU to request a copy of his transcript, and in response, AIU notified Plaintiff that he would only be able to obtain

a copy of his transcript after paying a past-due amount. Courts have found that universities may withhold transcripts without running afoul of the FDCPA when a student has outstanding loan obligations or debts. *See Juras v. Aman Collection Serv., Inc.*, 829 F.2d 739, 742-43 (9th Cir. 1987) (citing *Johnson v. Edinboro State College*, 728 F.2d 163 (3d Cir. 1984) (holding that a university may withhold a transcript if arrangements to repay the loan or discharge the debt are lacking.).

Plaintiff argues that his phone call to AIU, wherein AIU informed him that he had an outstanding debt, constitutes a "communication"[1] in an attempt to collect a debt under the FDCPA. In support of his position, Plaintiff cites to decisions out of the Second and Eleventh Circuits, which he argues define "communication" expansively. However, Plaintiff's reliance on these decisions is unavailing because those cases involved communications wherein a defendant affirmatively and deliberately sent written letters demanding payment of a debt. Here, Plaintiff concedes that he initiated contact with AIU, and that he never received any letters, phone calls, or bills from any of the Defendants. By Plaintiff's own account, Defendants did nothing to affirmatively collect whatever outstanding debt may have been owed to them, and it would be counter to the purposes of the FDCPA to penalize them for their inaction. Therefore, Defendants' Motion to Dismiss Count I (FDCPA) and Count II (FCCPA) of Plaintiff's Complaint is granted.

**B. FDUTPA**

FDUTPA is a Florida consumer protection statute designed to protect individuals from unfair trade practices. *See* Fla. Stat. § 501.202. It creates a cause of action for "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). The term "trade or commerce" is defined as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8).

Plaintiff alleges that Defendants violated the FDUTPA by engaging in a deceptive trade regarding the collection of an alleged outstanding debt before releasing his transcript.

---

[1] Under the FDCPA, a "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

More specifically, he alleges that Defendants: (1) failed to observe proper debt collection practices as required by state and federal law; (2) failed to comply with conditions precedent to collecting a debt as required under state and federal law; (3) failed to properly observe state and federal debt collection practices; and (4) failed to properly notify him of the alleged debt.  Compl. ¶¶ 91-92.

However, debt collection activities are not "trade or commerce" for FDUTPA purposes.  *See, e.g. State v. Shapiro & Fishman, LLP*, 59 So. 3d 353, 355–57 (Fla. 4th DCA 2011); *Law Office of David J. Stern, P.A. v. State*, 83 So. 3d 847, 849–50 (Fla. 4th DCA 2011); *Kelly v. Palmer, Reifler & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1371–77 (S.D. Fla. 2010); *Trent v. Mortgage Electronic Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1365 n. 12 (M.D. Fla. 2007).  These cases held that the debt collection activities at issue were not an attempt to advertise, solicit, provide, offer, or distribute any good or service or a thing of value, thus making FDUTPA inapplicable.  Because Plaintiff has alleged in his Complaint that Defendants wrongful conduct consists of attempting to collect a debt, and debt collection activities are not "trade or commerce" under FDUTPA, Plaintiff has failed to state a claim under FDUTPA.  Therefore, Defendants' Motion to Dismiss Count III (FDUTPA) of the Complaint is granted.

## IV. CONCLUSION

For the reasons explained in this Order, Defendants' Motion to Dismiss Complaint and Memorandum in Support Thereof (ECF No. 20) is **GRANTED**.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice*.[2]  The Clerk shall **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 16th day of July 2015.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

---

[2] *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) ("Dismissal with prejudice is proper … if a more carefully drafted complaint could not state a valid claim.").

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*
*Rene Mesa, pro se*